# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HALIKI GREEN, JR.,

    Plaintiff,

    v.

JEFF MACOMBER, et al.,

    Defendants.

Case No. 1:26-cv-00322-JLT-SAB

ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY

(ECF No. 16)

Pending before the Court is Plaintiff Haliki Green's motion for limited discovery. (ECF No. 16.) Specifically, Plaintiff seeks limited discovery from Defendants Jeff Macomber and Patwin Horn in order to identify an officer listed in the complaint as "Doe 1." (Id.) The Court held a hearing on May 13, 2026. Dina Chehata, Esq., appeared on behalf of Plaintiff. Eric Miersma, Esq. appeared on behalf of Defendants. Having considered the moving papers and arguments by counsel, as well as the record, the Court will deny the motion.

**I.**

**BACKGROUND**

Plaintiff Haliki Green, is a Muslim man incarcerated at Kern Valley State Prison. Plaintiff filed a complaint alleging violations of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Eighth Amendment arising from conduct by Defendant Doe 1. (ECF No. 1.) Plaintiff has served the official capacity defendants. However, Plaintiff asserts that due to his incarceration at Kern Valley State Prison, he has been unable to identify the full name of the correctional officer who purportedly assaulted him on January 22, 2024. Plaintiff proffers that the incident would have been documented in institutional records

maintained by CDCR.  Counsel for Plaintiff met-and-conferred in good faith with counsel for Defendants, but Defendants declined to provide the identity of Defendant Doe 1.

On March 25, 2026, Plaintiff filed the instant motion for limited discovery.  (ECF No. 16.)  The motion has been fully briefed (ECF Nos. 23, 25), and on May 13, 2026, the Court held a hearing on the matter in conjunction with Defendants' partial motion to dismiss.  (ECF No. 27.)

**II.**

**LEGAL STANDARD**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored.  Gillespie, v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), citing Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1968).  "However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint."  Id. In such circumstances, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Id.

Courts generally apply a good cause standard when reviewing requests for limited discovery pursuant to Federal Rule of Civil Procedure 26(d).  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).  The Court declines the parties' invitation to define the parameters of good cause in this context because good cause may look different from case to case; indeed, that the good cause standard is "more flexible" is its virtue. See id.  Thus, the cases cited by the parties for a definitive "legal standard" will be considered as persuasive authority only.

**III.**

**DISCUSSION**

Plaintiff begins by noting that he has gone through meet-and-confer efforts with Defendants in order to resolve this issue outside of Court's intervention.  Next, Plaintiff points out that Doe 1 is sufficiently identified based on time, place, and a subsequent grievance regarding use force was sustained.  At the hearing, Plaintiff proffered that although he reported

the use of force, he had only the time and place to report the issue.  And the ruling sustaining the use of force explicitly declined to list personnel.  In support of identifying Doe 1, Plaintiff has offered the Court a set of four interrogatories (for each Defendant) that the Court quotes in full:

**INTERROGATORY NO. 1**

IDENTIFY all CORRECTIONAL OFFICERS assigned to PLAINTIFF'S housing unit or present at the location of the INCIDENT, including their post assignments and shift times.

**INTERROGATORY NO. 2**

IDENTIFY each CORRECTIONAL OFFICER who had any physical contact with PLAINTIFF during the INCIDENT.

**INTERROGATORY NO. 3**

IDENTIFY all PERSON(S) named or referenced in any Use of Force investigation, report, or findings related to the INCIDENT.

**INTERROGATORY NO. 4**

IDENTIFY the CORRECTIONAL OFFICER designated as "DOE 1" in Plaintiff's Complaint, or, if no such designation has been made, identify the officer whom Defendants contend corresponds to that designation.

(ECF No. 16-1; see ECF No. 16-2.)[1]

In opposition, Defendant generally argues that Plaintiff has not provided good cause. (ECF No. 23.)  Defendant's main argument is that Plaintiff should already be in possession of this information because he filed a use of force grievance.  (Id. at p. 4.)  Defendant's next argument is that there is no reason to allow for limited discovery here before the initial scheduling conference.  (Id.)  Finally, assuming that the Court would allow for limited discovery, Defendant argues that the proposed interrogatories are too broad and contain objectional formulations that assume events.  (Id. at pp. 4-5.)

At the hearing, the parties essentially reiterated their positions.  However, Plaintiff highlighted that he was able to report the use of force by only giving information of the time and place of the incident and suggested pulling footage; he did not have nor does he have information

---

[1] Plaintiff has defined "incident" as follows: "'INCIDENT' refers to the events occurring on January 22, 2024, at Kern Valley State involving PLAINTIFF Haliki Green Jr. (CDCR #BHR4322), including but not limited to any interaction, use of force, detention, or escort, described in the Complaint."  (ECF No. 16-1; see ECF No. 16-2.)

3

that would help him identify Doe 1. In response, Defendant again brought up that limited discovery remains unnecessary at this time.

The Court then indicated to the parties that it was concerned that it would go through an initial scheduling conference, the parties would engage in some discovery, and then, following the identification and serving of Doe 1, a motion to dismiss would be filed, stalling the case during discovery. Neither party had an illuminating response to the Court's inquiry regarding judicial efficiency.

Having considered the briefing and the parties' proffers at the hearing, the Court has determined that good cause does not exist at this time to grant Plaintiff's motion for at least two reasons.

First, though Plaintiff is generally correct that in certain contexts limited discovery should be given for identification of Doe defendants, the Court agrees with Defendants that there is no urgency at this time to expedite this aspect of discovery. In particular, while the Court voiced its concerns regarding whether delaying discovery might implicate judicial efficiency should Doe 1 later be identified and move to dismiss, the Court has reviewed the complaint and, on its face, it does not appear that a motion to dismiss would be forthcoming (*i.e.*, Plaintiff has seemingly pleaded a use of force claim adequately). Though Plaintiff's proffer as why he is presently unable to identify Doe 1 from his own records is well-taken, Plaintiff nevertheless did not have a satisfactory answer as to how this information, at this stage, is necessary.[2] Indeed, the Court finds that, under the circumstances here, there would not be a material difference in this case's trajectory whether Plaintiff identifies Doe 1 now or through the usual course of discovery. Absent more from Plaintiff, the actual identity should not change the analysis for any future motion to dismiss- it is the actions alleged again the Die, whether named or unnamed. Therefore, there does not appear to be prejudice to any party by having this issue explored during the normal discovery process.[3]

---

[2] Plaintiff did not identify that he had a reason to believe there would be a preservation of evidence issue; Plaintiff remains free to issue a preservation of evidence demand to Defendants if he has not done so already.

[3] Plaintiff made an argument that there would be a "Rule 4(m) issue" if the Court were to deny his request for limited discovery; however, the Court notes that an inability to identify a Doe defendant, while making diligent

Second, upon review of the interrogatories, the Court agrees with Defendants that the formulations are overbroad and/or are drafted in a way that potentially assumes certain aspects of incident in question (which remains allegations only at this point).  For example, Plaintiff did not adequately proffer why he would need access to all correctional officers assigned to his housing unit or how he would be able to identify Doe 1 from that information.  In addition, Interrogatory No. 4 asks Defendants, who are executive staff named in an unrelated claim, to identify the Doe 1 or identify who they contend corresponds to that designation from the complaint, which the Court finds to be an overbroad formulation.

Because Plaintiff has not provided good cause at this time, the Court will deny Plaintiff's request for limited discovery.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Plaintiff's motion for limited discovery. (ECF No. 16.)

IT IS SO ORDERED.

Dated:  **June 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

efforts, would constitute good cause for moving for an extension of time (which is contemplated by Rule 4(m)). Therefore, this argument is unpersuasive.